IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| JACQUELINE WALKER, | ) CASE NO. 12-80609-G3-7 |
| | ) |
| Debtor | ) |
| | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from the Stay Regarding Exempt Property" (Docket No. 15) filed by Wells Fargo Financial Texas, Inc. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered conditioning the automatic stay. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Jacqueline Walker ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 3, 2012.

In the instant motion, Wells Fargo Financial Texas, Inc. ("Wells Fargo") seeks relief from stay to exercise its rights under applicable law with respect to Debtor's 2005 Ford Expedition, Serial No. 1FMPU15505LB02946. Wells Fargo asserts

that Debtor has failed to make payments with respect to the property and is not adequately protected.

The parties stipulated to the following facts. Debtor and her husband purchased the vehicle and signed a retail installment contract providing for 72 monthly payments of $909.12 beginning December 2005. Wells Fargo financed the purchase and has a perfected security interest in the vehicle. The contract matured by its own terms and the full remaining balance of $5,653.15 is due. Debtor last paid Wells Fargo on November 8, 2012 in the amount of $909.12. Stipulations of Fact.

Debtor testified that she and her husband purchased and financed the vehicle in addition to financing a credit life insurance policy. Debtor testified that, in light of Hurricane Ike[1], Wells Fargo agreed to an extension of the original 72 month contract term by a few months. Debtor testified that these monthly payments were added to, and became due after, the last payment due on the contract.

Debtor testified that she did not make two payments around the time of her husband's death, July 18, 2012, because she believed that the credit life insurance policy had paid off the remaining balance on the vehicle. Debtor testified that she was advised by Wells Fargo that payment of the full balance due

---

[1] The court takes judicial notice that Hurricane Ike made landfall in Galveston, Texas during September, 2008.

was required.  Debtor testified that she continued to make monthly payments after her husband's death and that Wells Fargo accepted the payments and cashed her checks until they refused the payment tendered for December 2012.

Debtor testified that she wants to retain the vehicle, that it is insured, and that she has made and will continue to make the monthly installment payments.  The court takes judicial notice of Schedules I and J, and Debtor's Statement of Intent. Docket No. 10.

Debtor's schedules indicate that Debtor values the vehicle at $7,100.  Docket No. 10, Schedule B.  Wells Fargo, in the instant motion, estimated that the vehicle's value is $8,700 and that Debtor has equity in the vehicle estimated at $3,046.85.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>>
>>> (A) the debtor does not have an equity in such property; and

     (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

  Section 362(g) of the Bankruptcy Code provides:

  (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

    (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

    (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

  In the instant case, Debtor does have equity in the property.  The instant case is a Chapter 7 case so no reorganization is contemplated.  Thus, the property is not necessary to an effective reorganization.  The court concludes that the stay should be conditioned on Debtor's providing adequate protection to Wells Fargo.

  Based on the foregoing, a separate Judgment will be entered conditioning the automatic stay.

  Signed at Houston, Texas on the 12th day of February, 2013.

               *Letitia Z. Paul*
               LETITIA Z. PAUL
               UNITED STATES BANKRUPTCY JUDGE